UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   10-cr-00594-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  ALEXANDER DOUCETTE, a/k/a Alexander Joseph Doucette,

    Defendant.

---

**ORDER**

---

THIS MATTER comes before the Court on the Defendant's Unopposed Motion to Vacate Trial Date [ECF No. 13], filed February 17, 2011.  I held a hearing on this motion on March 4, 2011. For the reasons set forth herein, and at the hearing, the motion is GRANTED.

By way of background, on February 9, 2011, I issued an order setting this case for trial on March 14, 2011.  In Defendant's motion he requests that I vacate and reset the trial date in order to allow sufficient time to evaluate and investigate the case.

Under 18 U.S.C. § 3161(h)(7)(B)(iv), the Court should consider whether the failure to exclude time and grant a continuance would "deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  I find that an ends of justice continuance is appropriate under § 3161(h)(7)(B)(iv).

Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the

defendant's initial appearance, whichever occurs later.  18 U.S.C. § 3161(c)(1).  The Tenth Circuit held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions.  *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)."  *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).  The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar.  *See* 18 U.S.C. § 3161(h)."  *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial.  This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case.  *Zedner*, 126 S.Ct. at 1984."  *Id.* at 1048-49 (internal citation omitted).  However, the Tenth Circuit has cautioned that "ends-of-justice continuances should not be granted cavalierly.  *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985)))."  *Id.*

The Tenth Circuit reaffirmed its holdings in *Williams* and *Doran* and emphasized that the ends of justice exception to the Speedy Trial Act "was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). "The requirement that the district court make clear on the record its reasons for granting an ends-of justice continuance serves two core purposes. It both ensures the district court considers the relevant factors and provides the court with an adequate record to review." *Id.* (citations omitted). The *Toombs* Court noted that the record "must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *Id.* at 1271.

The Court, having carefully considered the request and the controlling law, and being fully advised in the premises, hereby finds that the unopposed motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). Due to the need for additional discovery, which cannot be completed prior to the March 14, 2011 trial setting, I find that the failure to grant a continuance in this case, which I do not find complex, would deny the Defendants and their counsel the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on the above, I find that the ends of justice served by a 60-day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

Based on the foregoing and for the reasons stated on the record, it is

ORDERED that the Unopposed Motion to Vacate Trial Date [ECF No. 13] is **GRANTED**.  In accordance therewith, it is

FURTHER ORDERED that the jury trial set for Monday, March 14, 2011 is **VACATED.**  It is

FURTHER ORDERED that all pretrial motions deadlines are **VACATED.**  It is

FURTHER ORDERED that **(60) days** are excluded from the speedy trial deadlines.  It is

FURTHER ORDERED that a status conference is set for **Wednesday, May 4, 2011 at 4:00 p.m.**  It is

FURTHER ORDERED that the parties shall file a joint status report by **Monday, April 25, 2011.**

Dated:  March 16, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge